LEIGHTON *v.* ELYSIUM HUNTING & FISHING CLUB.

1. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.
   On appeal from judgment for defendant notwithstanding verdict for plaintiff in proceeding to condemn lands for a private road, the evidence as to necessity must be viewed in the light most favorable to the plaintiff (Const. 1908, art. 13, § 3; 1 Comp. Laws 1929, § 4062 *et seq.*).

2. SAME—CONDEMNATION PROCEEDING FOR PRIVATE ROAD.
   On appeal from judgment for defendant notwithstanding verdict for plaintiff in proceeding to condemn lands for a pri-

vate road the Supreme Court does not review the case *de novo* on the issue of fact as to whether or not necessity was shown but determines whether or not there was competent testimony to sustain the jury's finding (Const. 1908, art. 13, § 3; 1 Comp. Laws 1929, § 4062 *et seq.*).

3. PRIVATE ROADS—CONDEMNATION PROCEEDING—WAY OF NECESSITY —EVIDENCE.

Where plaintiff's store was on north side of lake and her cabins on south side of lake and only means of communication between them was by boat across lake, going across the ice thereon, around the lake over 7 or 8 miles of county highways and unimproved fire lines or about 1 mile across defendant hunting and fishing club's land and lands of a third person who had given plaintiff a license to cross such latter's lands, fact that an easement of passage across defendant's lands would bring plaintiff only up to the line of the third person would be a benefit to plaintiff, irrespective of manner in which plaintiff might then acquire right of passage over land of the third person, was sufficient to enable jury to find necessity was established (Const. 1908, art. 13, § 3; 1 Comp. Laws 1929, § 4062 *et seq.*).

4. APPEAL AND ERROR—CONDEMNATION FOR PRIVATE ROAD—FUNCTION OF JURY.

Where there is sufficient evidence to sustain jury's finding of way of necessity for private road, it is unnecessary to determine whether or not the jury is the sole judge of the facts and law. (Const. 1908, art. 13, § 3; 1 Comp. Laws 1929, § 4062 *et seq.*).

Appeal from Luce; Runnels (Herbert W.), J. Submitted April 8, 1947. (Docket No. 10, Calendar No. 43,521.) Decided May 16, 1947.

Application by Faye Leighton to commissioner of highways of McMillan Township, Luce County, Michigan for private road over property owned by defendant Elysium Hunting & Fishing Club. Necessity determined and compensation awarded. Defendant appealed to circuit court. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Reversed and remanded for entry of judgment on verdict.

*Thos. S. Worsham (J. Joseph Herbert,* of counsel), for plaintiff.

*Hudson, Coates & Kline,* for defendant.

BOYLES, J. Plaintiff, the owner of properties in McMillan township, Luce county, which are. separated by Pike lake, made a request in writing to the commissioner of highways of said township for proceedings under the statute * to determine necessity and assess damages for a private road across certain lands of the ·defendant hunting and fishing club. Plaintiff has a home and store property on the north side of Pike lake and owns property on the south shore where she has some cabins for rent. The map included herein shows the physical aspects of the situation, and the proposed road. There is no road between plaintiff's properties and the only method of travel between the two parcels has been across the lake by boat or on the ice, or around the lake on foot. As shown on said map, the proposed private road would allow plaintiff to travel by vehicle over land and around the west side of the lake across land owned by the defendant.

Upon the filing of plaintiff's application appropriate proceedings were taken by the township commissioner of highways to open a private road across defendant's land, under the applicable provisions of the Constitution and statute law. The Constitution (1908), art. 13, § 3, provides:

"Private roads may be opened in the manner prescribed by law; but in every case the necessity for the road and the amount of all damages to be sustained by the opening thereof shall be first deter-

---

* Act No. 283, chap. 9, Pub. Acts 1909 (1 Comp. Laws 1929, § 4062 *et seq.* [Stat. Ann. § 9.281 *et seq.*]).

LEGEND
═══════ COUNTY ROAD
═ ═ ═ ═ ═ DIRT ROAD NOT MAINTAINED BY COUNTY
╫╫╫╫╫╫ OLD RAILROAD GRADE

╪╫╪╫╪╫╪ PROPOSED NEW ROAD

mined by a jury of six freeholders or by not less than three commissioners, and such amount, together with the expense of proceedings, shall be paid by the person or persons to be benefited.''

The applicable statute provides the procedure for determining necessity for a private road and for determining the damages. This procedure was followed by the township highway commissioner, a jury of six freeholders was summoned and sworn, heard the testimony and rendered a verdict that such private road was necessary, with an assessment of the damages. Under the authority of section 11 of the aforesaid act, the defendant appealed from said jury determination, to the circuit court for Luce county, where the case was again heard by a jury of six freeholders in accordance with the requirements of said section 11. At the close of the testimony, the defendant moved for a directed verdict, decision on the motion was reserved by the court under the Empson act,[*] and the case submitted to the jury. The jury returned a verdict of necessity, and fixed the damages at $50. Subsequently the court granted defendant's motion for a directed verdict, and entered judgment of no cause for action.

Plaintiff appeals, claiming that under the applicable provisions of the Constitution and statute the jury is the sole judge of the facts and the law, and that in any event there was sufficient evidence to sustain the finding of the jury as to necessity. Neither party complains of the amount of damages. Under the circumstances, the evidence as to necessity must be viewed in the light most favorable to the plaintiff. It may be summarized as follows:

---

[*] 3 Comp. Laws 1929, § 14531 *et seq.*, as amended by Act No. 44, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14531, Stat. Ann. and Stat. Ann. 1946 Cum. Supp. § 27.1461 *et seq.*).—REPORTER.

Plaintiff owns property on the north shore of Pike lake, where she lives and operates a small store. She also owns property on the opposite south shore where she has cabins for rent. The only way to reach the cabins on the south side from her home is by boat, across the ice, or by walking around the lake, a distance of over a mile. Weather conditions sometimes make it dangerous or impossible to cross the lake by boat or on the ice. Frequently plaintiff finds it necessary to move furniture, household supplies and other things from the north side of the lake, to the cabins on the south side. This section of Luce county is sparsely settled, cutover or wild lands. The only road from a county highway to Pike lake is Luce county road No. 414 over a common sand trail through cutover land. An old logging railroad grade runs from plaintiff's home and store, south and west around Pike lake. For many years it has been cleared out from plaintiff's home to the point where a lumber camp was located many years ago, now a State campground. From this point, the defendant hunting club cleaned out the grade to the south line of its property where it located a hunting camp. Plaintiff requested permission to clean out and use the grade across defendant's land, for access to her property on the south side of the lake. This was refused and the instant proceeding for a private road was instituted. It was shown by testimony that there was a possibility of reaching plaintiff's cabins by using fire lines from another direction, not entirely improved for use as roads. However, the use of these fire lines would not allow plaintiff to go by land between her home and the cabins except to travel county road 414 and by fire lines to a considerable distance, and then only by improving a road on the fire lines at various places. Someone else owns the land be-

tween the point where the proposed private road would end, on the south and east, and plaintiff's property where the cabins are located. She testified, however, that she had permission to cross such land, although without any legally binding easement therefor. The circuit judge, in setting aside the verdict, gave the following as the reason therefor:

"Until such times as it is conclusively proved that petitioner was in a position to connect the road asked for across adjoining lands this would only create a cul-de-sac at best and no useful purpose would be accomplished and undoubtedly it would seriously impair the use and enjoyment of defendant's premises for the purposes for which it was purchased and improved. There could be no necessity for opening the requested private road at least until such time as it would appear that it could be connected and be of benefit to petitioner.

"Because of these facts it is premature and it is my conclusion that this action is ill-timed and the petition of no force and no effect and that it and all proceedings heretofore taken thereunder are null and void. It is so found and determined by this court."

We are not in full accord with this reasoning. If it is true, as claimed by plaintiff, that she has access to her property, having the consent of the intervening owner, she would be benefited by the proposed private road across the defendant's land. Furthermore, if plaintiff should be allowed to reach the property of the other owner, by using the private road here in question, there is no showing here that it would not be possible for plaintiff to acquire an easement across such other property, if or when the owner of such property should refuse permission to cross. We are not impressed that the reason given by the trial court is sufficient ground for setting

aside the verdict of necessity.  As the matter now stands, permission to cross its land having been refused by the defendant, it would be of no benefit to plaintiff if she did first obtain a way across the intervening land of the other owner.  It would be of no use to the plaintiff without the right to cross defendant's land.

The defendant relies on *People, ex rel. Ayres,* v. *Richards,* 38 Mich. 214, to support its position.  In that case a jury was summoned and sworn to determine the "necessity or propriety" of a private road, as a means of access to a village plat.  Under the then-existing statute, private roads might be laid out on a showing of "necessity or propriety." 1 Comp. Laws 1871, chap. 31.  In effect, the *Ayres Case* restricted the right to a private road to a showing of necessity, not merely of a "propriety."  This is in accord with the present statute law.  The question here is whether there is testimony to support the verdict of the jury finding necessity.  *Waubun Beach Ass'n* v. *Wilson,* 274 Mich. 598 (103 A. L. R. 983), also relied upon by defendant, was a bill in chancery to enjoin the defendants from closing a right of way or interfering with plaintiffs' use thereof as a way of necessity.  This Court held that a way of necessity had not been established by the proof.

In the case at bar, we do not review the case *de novo,* on the issue of fact, as in the *Waubun Beach Case.*  Viewing the testimony in the light most favorable to the plaintiff, there is little room to dispute her claim that a road is a necessity whereby she can go by vehicular travel by land, between her home north of the lake and her rental cabins on the south side.  She testified:

"There are no roads on the east side of Pike lake that would enable me to reach my property and

none coming up from the south. To my knowledge there are none from the west that hit Pike lake. There is a fire line there.

"*Q.* But you don't call that a highway?

"*A.* No, I don't think a fire line is a road."

She further testified that it is impossible to drive on the fire lines at times of the year, that if she went that way she would have to maintain part of a road herself; that it would be about 8 or 10 miles around, to her cabins. An employee of the Luce county road commission testified that some of the fire lines were good road and some were not, and that he could not recall any attempt by the county road commission to maintain roads on fire lines—that it did not improve fire lines, as a general rule. The superintendent of the Lake Superior State forest testified that the lands around Pike lake were included in the State forest, that there was a network of fire lines but there was no attempt to maintain them as roads, except in emergencies with certain trucks or tractor. He also testified there was no road south or east of Pike lake. We find ample testimony in the record to support the finding by the jury, of necessity for the private road in question. Consequently it is not necessary to decide whether the jury is the sole judge of the facts and law.

The judgment is set aside and the case remanded for entry of judgment on the verdict, with costs to appellant.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE REID, NORTH, and DETHMERS, JJ., concurred.